# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL HAGGART, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-0346 |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| ENDOGASTRIC SOLUTIONS, INC., | ) | Re: ECF No. 13 |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Presently before the Court is the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1)&(6), and Federal Rule of Civil Procedure 9(b) filed by Defendant Endogastric Solutions, Inc. For the reasons that follow, the Motion will be denied.

OVERVIEW

Plaintiff, Daniel Haggart ("Plaintiff"), both individually and on behalf of a putative class, filed this action against Defendant, Endogastric Solutions, Inc. ("Defendant"), on March 16, 2010. An Amended Class Action Complaint was filed with leave on May 18, 2010 and Plaintiff's Motion for Class Certification was denied without prejudice as premature. The Amended Complaint brings claims for product liability, fraudulent and negligent misrepresentation, negligence, and violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201. In late June, Defendant filed its Motion to Dismiss for failure to meet the jurisdictional requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). In addition, Defendant moved to dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(6) for failure to meet the requirements of Rule 23. Defendant also moved to dismiss Plaintiff's fraud allegations for failure to meet the pleading requirements of Federal Rule of Civil Procedure 9(b), and claims under the Pennsylvania UTPCPL because Plaintiff is not a Pennsylvania resident.

AMENDED CLASS ACTION COMPLAINT

Plaintiff alleges that he is a North Carolina resident and that Defendant is a Washington corporation. Plaintiff suffered from gastroesophageal reflux disease ("GERD") which was managed acceptably through pharmaceuticals and without surgery for many years. Although he was a candidate for surgical intervention through a "Nissen Fundoplication," he had reservations regarding the device's permanence and potential side effects. Plaintiff learned of Defendant's alternative device, the "EsophyX," which is used in transoral incisionless fundoplications. He attests that he relied on representations made by Defendant in its website and other advertising regarding the "reversibility" of the insertion of this device in electing this procedure, which was performed in a Pittsburgh, Pennsylvania medical facility by a Pittsburgh surgeon identified on Defendant's website. Plaintiff's surgery occurred in June, 2009 and three months later, his surgeon advised that the procedure had failed and recommended that Plaintiff proceed with the Nissen Fundoplication. Plaintiff attests that he then learned that the EsophyX procedure was "revisable" and not truly "reversible" (in that it could not be completely undone) because tissue had grown around the fasteners. As a direct result, Plaintiff was foreclosed from other previously-available treatment options, and the Nissen Fundoplication was performed in February, 2010.

I. Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)

Defendant first argues that Plaintiff's Amended Class Action Complaint should be dismissed for lack of subject matter jurisdiction because Plaintiff has failed to meet the requirements of 28 U.S.C. §1332 with respect to both the amount in controversy and the size of the putative class. As to the amount in controversy, Defendant argues that Plaintiff has pled only that "the total amount in controversy as to the whole class of Plaintiffs is believed and averred to be in excess of $5,000,000.00," citing to the Amended Class Action Complaint, ECF No. 6 at ¶ 5.

CAFA confers federal courts removal and original jurisdiction over any class action where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, . . . ." 28 U.S.C. § 1332(d)(2). Although a court will ordinarily accept plaintiff's allegations that the amount in controversy exceeds the jurisdictional threshold, a complaint must allege facts to support that this requirement has been satisfied. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). In ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), a court will use the "legal certainty test" to determine whether the jurisdictional amount has been satisfied. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). The "legal certainty test" provides that the amount in controversy requirement will be met, unless it appears to a legal certainty that plaintiff's claims are for less than the jurisdictional amount. *Red Cab*, 303 U.S. at 289. In *Red Cab,* the United States Supreme Court noted as follows:

> The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts. The rule governing dismissal for want of jurisdiction in cases brought in the federal

> court is that, unless the law gives a different rule, the sum claimed
> by the plaintiff controls if the claim is apparently made in good
> faith. It must appear to a legal certainty that the claim is really for
> less than the jurisdictional amount to justify dismissal. The
> inability of plaintiff to recover an amount adequate to give the
> court jurisdiction does not show his bad faith or oust the
> jurisdiction. Nor does the fact that the complaint discloses the
> existence of a valid defense to the claim. But if, from the face of
> the pleadings, it is apparent, to a legal certainty, that the plaintiff
> cannot recover the amount claimed or if, from the proofs, the court
> is satisfied to a like certainty that the plaintiff never was entitled to
> recover that amount, and that his claim was therefore colorable for
> the purpose of conferring jurisdiction, the suit will be dismissed.
> Events occurring subsequent to the institution of suit which reduce
> the amount recoverable below the statutory limit do not oust
> jurisdiction.

*Red Cab,* 303 U.S. at 288-290 (footnotes omitted).

In his 32-page Amended Complaint, Plaintiff avers that he "suffered severe harm, including the unnecessary pain and suffering of multiple surgeries . . . ." (Amended Complaint, ECF No. 6 at ¶ 68.) Plaintiff further avers that his own individual damages are in excess of $75,000.00 (Amended Complaint, ECF No. 6 at ¶ 3), that on information and belief, he avers "that more than a thousand individuals have undergone the EsophyX procedure in various states, including Pennsylvania, and that many more will continue to undergo this procedure in the future." (Amended Complaint, ECF No. 6 at ¶ 71.) Plaintiff argues that the basis for this belief is Defendant's own website. (Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss, ECF No. 15 at 4.) As to Plaintiff and all members of the putative class, Plaintiff seeks past and future medical expenses, past and future lost earnings, past and future lost earning capacity, past and future pain and suffering, damages for physical disfigurement and unnecessary and painful surgical treatment. He also seeks punitive damages on behalf of himself and all members of the putative class. (Amended Complaint, ECF No. 6 at ¶ 70.)

Defendant submits a Reply Brief wherein it argues for the first time that where a challenge to the amount in controversy concerns a factual dispute, the party alleging jurisdiction must justify its allegations by preponderance of the evidence, relying heavily on *Seymour v. Life Care Ret. Communities, Inc.*, No. 09-444, 2010 WL 2521004 (W.D. Pa. June 21, 2010) (Lancaster, J.). *Seymour* involved a motion for summary judgment where the parties, subsequent to discovery, disputed the amount in controversy where the damages concerned, in part, the valuation of destroyed personal items including family and ancestral pictures/histories, diaries, and letters. Consequently, the district court in *Seymour* applied the preponderance of the evidence standard set forth in *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S.178 (1936), rather than the *Red Cab* legal certainty standard, because there existed a "jurisdictional dispute surrounding factual matters, and to date, no evidence or findings by [the] court [had] addressed that issue." *Seymour,* 2010 WL 2521004, at *7.

Here, on a motion to dismiss, the parties have had no opportunity to develop an evidentiary record. Instead, the Court takes the allegations of the Amended Class Action Complaint as true. *See Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977) (court must consider allegations of complaint as true in 12(b)(1) facial attack). Consequently, the *Red Cab* legal certainty standard is the appropriate test to apply at this early stage of the proceedings. Plaintiff has sufficiently pled allegations to justify federal jurisdiction pursuant to 28 U.S.C. § 1332 (d)(2). Therefore, Defendant's Motion to Dismiss on this basis will be denied.

Next, Defendant argues that Plaintiff has failed to sufficiently aver that he has met the jurisdictional class size requirement. CAFA provides that the number of class members must be at least 100. 28 U.S.C. § 1332(d)(5)(B). As discussed above, Plaintiff avers "that more than a

thousand individuals have undergone the EsophyX procedure in various states, including Pennsylvania, and that many more will continue to undergo this procedure in the future." (Amended Complaint, ECF No. 6 at ¶ 71.) Again, Plaintiff points to the Defendant's own website for this information. (Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss, ECF No. 15 at 4.) Hence, Plaintiff has sufficiently pled allegations to justify federal jurisdiction pursuant to 28 U.S.C. § 1332(d)(5)(B). Defendant's Motion to Dismiss on this basis will also be denied.

II. <u>Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6)</u>

Defendant also moves to dismiss Plaintiff's Amended Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir. 1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)); *Ashcroft v. Iqbal,* 129 S. Ct.1937, 1949 (May 18, 2009) (citing *Twombly,* 550 U.S. at 555-57). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S. Ct. at 1949 (citing *Twombly,* 550 U.S. at 556). The Supreme Court further explained:

> The plausibility standard is not akin to a "probability requirement,"
> but it asks for more than a sheer possibility that a defendant has
> acted unlawfully. Where a complaint pleads facts that are "merely
> consistent with" a defendant's liability, it "stops short of the line
> between possibility and plausibility of 'entitlement to relief.'"

*Id.* (citing *Twombly*, 550 U.S. at 556-57).

Recently, in *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. Aug. 18, 2009), the United States Court of Appeals for the Third Circuit discussed its decision in *Phillips v. County of Allegheny,* 515 F.3d 224, 232-33 (3d Cir. 2008) (construing *Twombly* in a civil rights context), and described how the Rule 12(b)(6) standard had changed in light of *Twombly* and *Iqbal* as follows:

> After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly,* 505 U.S. at 555, & n. 3.

*Fowler*, 578 F.3d at 210.

Thereafter, in light of *Iqbal*, the *Fowler* court set forth a two-prong test to be applied by the district courts in deciding motions to dismiss for failure to state a claim:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal,* 129 S. Ct. at 1949]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips,* 515 F.3d at 234-35. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'- 'that the pleader is entitled to relief.'" *Iqbal,* 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

*Fowler,* 578 F.3d at 210-11.

Defendant argues that Plaintiff has failed to meet the requirements of Federal Rule of Civil Procedure 23. Defendant is challenging the sufficiency of the Amended Complaint in light of Rule 23 requirements; that is, Defendant is attempting to attack the merits of the class itself. This challenge is properly made on a Motion to Certify the Class pursuant to Rule 23 (c)(1)(A). On June 4, 2010, the Court denied without prejudice Plaintiff's Motion to Certify the Class as premature, and indicated that counsel may re-file at a later time. (ECF No. 8.) The Court will not use a Rule 12(b)(6) motion to preempt a Class Certification motion. *See Brothers v. Portage National Bank*, Civil Action No. 3:06-94, 2007 WL 965835 (W.D. Pa. March 29, 2007); *Rosenberg v. Avis Rent A Car System, Inc.,* Civil Action No. 07-1110, 2007 WL 2213642 (E.D. Pa. July 31, 2007). Therefore, the Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to meet the requirement of Rule 23 will be denied.

<u>Failure to Plead Fraud with Specificity Pursuant to Fed. R. Civ. P. 9(b)</u>

Next, Defendant argues that Plaintiff's allegations of fraud and/or misrepresentation should be dismissed because, pursuant to Federal Rule of Civil Procedure 9(b), Plaintiff has failed to plead with particularity. Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In *Lum v. Bank of America*, the United States Court of Appeals for the Third Circuit indicated that in order to comply with the requirements of Rule 9(b), "plaintiffs must plead with particularity 'the "circumstances" of the alleged fraud in order to place defendant on

notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior.'" 361 F.3d 217, 223-24 (3d Cir. 2004) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.,* 742 F.2d 786, 791 (3d Cir. 1984)), *abrogated on other grounds by, Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The *Lum* Court continued that a plaintiff may satisfy this requirement by averring "the 'date, place or time' of the fraud, or through 'alternate means of injecting precision and some measure of substantiation into their allegations of fraud.'" *Lum*, 361 F.3d at 224 (quoting *Seville Indus. Mach. Corp.*, 742 F.2d at 791).

    A careful review of the Amended Class Action Complaint reveals that paragraphs 23 through 45 set forth particular facts that "inject[] precision and some measure of substantiation" into Plaintiff's claims. Although the surrounding facts and circumstances giving rise to Plaintiff's claim do not lend themselves to isolating specific dates and/or times, Plaintiff has alleged in these 23 paragraphs how the alleged fraudulent misrepresentations were disseminated, the precise substance of the statements that he believes to be false, and their intended effect on recipients. Further, paragraphs 97 through 109 contain more averments concerning the substance of the alleged misrepresentations, how they were disseminated, that Defendant allegedly knew that they were false or acted with reckless indifference as to their truth, that Defendant knew and intended that patients like Plaintiff would be induced to act and rely upon the alleged misrepresentations, that Plaintiff and others like Plaintiff did in fact rely on the misrepresentations in that they would not have undergone the procedure but for these allegedly false claims, and that Plaintiff and other members of the putative class have been allegedly injured thereby. Plaintiff has stated his fraudulent misrepresentation claim with sufficient particularity so as to place Defendant "on notice of the precise misconduct with which [it is ]

9

charged." *Lum*, 361 F.3d at 223-24.   Hence, Defendant's Motion to Dismiss on this basis will be denied.

### Motion to Dismiss Count IV (Pennsylvania UTPCPL) Pursuant to Fed. R. Civ. P. 12(b)(6)

Defendant argues that Count IV of the Amended Complaint should be dismissed for two reasons: 1) it fails to state with particularity the circumstances constituting the alleged UTPCPL violation pursuant to Federal Rule of Civil Procedure 9(b); and 2) Plaintiff and other putative class members are not residents of Pennsylvania.

#### Rule 9(b)

Rule 9(b) applies "not only to fraud actions under federal statutes, but to fraud claims based on state law." *Christidis v. First Pennsylvania Mortg. Trust*, 717 F.2d 96, 99 (3d Cir. 1983).  The Pennsylvania UTPCPL makes it unlawful for individuals or businesses to engage in unfair or deceptive acts or practices.  73 Pa. Cons. Stat. § 201-3.  In his Amended Complaint, Plaintiff invokes the following provisions of the UTPCPL: 1) § 201-2(4)(v) which prohibits a defendant from "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have . . . ."; and 2) § 201-2(4)(xxi) which prohibits a defendant from "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding."  Consequently, the sufficiency of Plaintiff's averments must be considered in light of these provisions of the UTPCPL.

To make out a claim pursuant to § 201-2(4)(v), "a plaintiff must allege that the advertisement is false, 'that it actually deceives or has a tendency to deceive a substantial segment of its audience, and that the false advertising is likely to make a difference in the

purchasing decision.'" *Baker v. Family Credit Counseling Corp.*, 440 F. Supp.2d 392, 412 (E.D. Pa. 2006) (quoting *DiLucido v. Terminix Int'l, Inc.*, 450 Pa. Super. 393, 676 A.2d 1237, 1240 (1996)). Further, Plaintiff must allege under any provision of the UTPCPL that he justifiably relied upon the Defendant's act or practice, and that he suffered loss as a result. *Id.*; *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 221 (3d Cir. 2008). To make out a claim pursuant to § 201-2(4)(xxi), the catch-all provision of the UTPCPL, Plaintiff may either allege the elements of common law fraud, or deceptive conduct. But as noted above, Plaintiff must allege that as a result of a defendant's fraudulent or deceptive conduct, he suffered an "ascertainable loss of money or property." 73 P.S. § 201-2(4)(xxi). *See also Lewis v. Ford Motor Co.*, 263 F.R.D. 252, 263 (W.D. Pa. 2009).

Here, as discussed, *supra* at pp. 8-10, Plaintiff avers that he and other putative class members did in fact rely on the misrepresentations set out on various websites in that they would not have undergone the procedure but for these allegedly false claims, and that Plaintiff and other members of the putative class have been allegedly injured thereby. Therefore, Defendant's Motion to Dismiss on this basis will be denied.

<u>Residency</u>

Defendant's final argument concerns the residency of Plaintiff and members of the putative class. Defendant maintains that Plaintiff and putative class members are not residents of Pennsylvania, and therefore, as a matter of law, cannot assert violations of the Pennsylvania UTPCPL, citing *Baker*, 440 F. Supp.2d at 413-14. Plaintiff responds that although he is a proper plaintiff, he was aware at the time of filing, "that it might be necessary to divide the class into sub-classes so as to apply the laws of various states." (Response to Defendant's Motion to Dismiss Plaintiff's Amended Class Action Complaint, ECF No. 15 at ¶ 100.)

The Pennyslvania UTPCPL "makes it unlawful for individuals or businesses to engage in unfair methods of competition or unfair or deceptive acts or practices in the conduct of trade or commerce." *Mikola v. Penn Lyon Homes, Inc.,* No. 4: cv-07-0612, 2008 WL 2357688, at *3 (M.D. Pa. June 4, 2008) (citing 73 P.S. §201-3). It defines "trade and commerce" as including "any trade or commerce directly or indirectly affecting the people of this Commonwealth." 73 P.S. § 201-2(3). The Pennsylvania Supreme Court has indicated that the statute should be liberally construed in order to effectuate its primary purpose of preventing fraud. *Com., by Creamer v. Monumental Properties, Inc.,* 459 Pa. 450, 459, 329 A.2d 812, 816 (1974). In *Mikola*, the United States District Court for the Middle District of Pennsylvania pointed out that *not* applying the statute to nonresidents who are "nevertheless engaged in a large transaction entirely within the state, would invite fraud upon nonresidents engaged in transactions within the state." *Mikola*, 2008 WL 2357688, at *3 (emphasis added). Further, "[t]here is no decision by a Pennsylvania state court limiting application of the UTPCPL to Pennsylvania residents." *Baker*, 440 F. Supp.2d at 414. Plaintiff Haggart avers that his EsophyX procedure was performed in a Pennsylvania hospital, that Defendant markets, sells, and distributes the EsophyX device to doctors and patients in Pennsylvania, and that his procedure was performed by a Pittsburgh surgeon identified on Defendant's website. Consequently, the Court will deny Defendant's Motion to Dismiss as it relates to Plaintiff Haggart. Further, because the Plaintiff indicates his intention to sue under laws of other states if the putative class is certified, (Response to Defendant's Motion to Dismiss Plaintiff's Amended Class Action Complaint, ECF No. 15 at ¶¶ 100-103), the Court will also deny Defendant's Motion to Dismiss the UTPCPL claim as it relates to the putative class members. The application of the UTPCPL to the putative class

members "will be best adjudicated upon submission of [P]laintiff's Motion for Class Certification." *Rosenberg*, 2007 WL 2213642, at *5 n.5.

Defendant relies on *Baker*, 440 F. Supp.2d at 413, which held that the Pennsylvania UTPCPL provides a remedy only to citizens of Pennsylvania. *Baker*, however, involved a federal class action where numerous plaintiffs all asserted claims under the Pennsylvania UTPCPL. The Court here is not persuaded by *Baker* where the only plaintiff presently before the Court is one who has a sufficient nexus with Pennsylvania. Therefore, Defendant's Motion to Dismiss Plaintiff's Pennsylvania UTPCPL claim will be denied.

Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss at ECF No. 13 will be denied in its entirety. An appropriate Order will follow.

Dated: February 4, 2011

_____
LISA PUPO LENIHAN
UNITED STATES MAGISTRATE JUDGE, CHIEF

cc: All counsel of record
    Via electronic filing